IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ATHENA TRENTIN and ROBERT DYE, § <br> § <br> Plaintiffs, § <br> § <br> V. § <br> § <br> ALLSTATE VEHICLE AND PROPERTY § <br> INSURANCE COMPANY, § <br> § <br> Defendant. § | No. 3:19-cv-378-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. See Dkt. No. 9.

Defendant Allstate Insurance Company ("Allstate") has filed an Election of Legal Responsibility Pursuant to Texas Insurance Code § 542A.006. *See* Dkt. No. 6.

Plaintiffs Athena Trentin and Robert Dye have filed a motion to remand, *see* Dkt. No. 7, and Allstate has filed a response, *see* Dkt. No. 10. Plaintiffs did not file a reply, and the time to do so has passed.

For the following reasons, the undersigned recommends that the motion to remand should be granted.

**Background**

On April 2, 2018, Plaintiffs purchased an insurance policy from Allstate. The policy was sold by Allstate agents Grant Galliford and Edith Aracely Cordero. According

to Plaintiffs, Galliford and Cordero represented that their boathouse would be covered under the policy without reservation. *See* Dkt. No. 1-1 at 7.

The boathouse was damaged on July 11, 2018 and Plaintiffs submitted a claim on July 12, 2018. Plaintiffs allege the boathouse was damaged by a windstorm and hail. On August 6, 2018, Allstate denied the claim because its investigation determined that the damage was the result of severe corrosion of carbon steel support columns caused by age and constant exposure to water and oxygen for many years. Allstate's stated reason for denying the claim was that corrosion was not a covered peril under the policy. *See id.*; Dkt. No. 8-1 at 1.

On January 17, 2019 Plaintiffs filed their Original Petition in the 14th-A Judicial District Court of Dallas County, Texas, styled *Athena Trentin and Robert Dye v. Allstate Vehicle and Property Insurance Company, Grant Galliford and Edith Aracely Cordero*, Cause No. DC-00899 (the "State Court Action"). Plaintiffs assert claims against all three defendants for violations of the Texas Insurance Code and also assert claims against Allstate for breach of contract and violation of the Prompt Payment of Claims Act. *See* Dkt. No. 1-1.

Defendants removed the case to federal court based solely on diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Dkt. No. 1. They contend that complete diversity exists because Plaintiffs are citizens of Texas, Allstate is a citizen of Illinois and that the Texas citizenship of Galliford and Cordero should be disregarded for purposes of diversity because they have been improperly joined. *See id.* at 2-4.

-2-

After removal, Allstate filed its Election of Legal Responsibility Pursuant to Texas Insurance Code § 542A.006 (the "Election") in which Allstate elects to accept legal responsibility for whatever liability its agents Galliford and Cordero might have to Plaintiffs under the insurance claim and seeks Galliford's and Cordero's dismissal with prejudice. *See* Dkt. No. 6; TEX. INS. CODE § 542A.006.

Plaintiffs then filed their Motion to Remand. *See* Dkt. No. 7. Plaintiffs contend that the case should be remanded to State court because the parties are not diverse, that their joinder of non-diverse Defendants Galliford and Cordero was proper, and remand is required under the voluntary-involuntary rule. They also argue that Allstate's election to accept legal responsibility for the non-diverse Defendants does not preclude removal. *See id.*

Allstate filed a response. *See* Dkt. No. 10. Allstate argues that removal is proper because Galliford and Cordero were improperly joined to defeat diversity jurisdiction and that Plaintiffs fail to state a claim against Galliford and Cordero. *See id.*

The undersigned now concludes that the motion to remand should be granted and that the Court does not have jurisdiction to dismiss Galliford and Cordero under the Section 542A.006 election.

**Legal Standards**

I. <u>Federal Jurisdiction and Removal</u>

A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature only if it involves a question of federal law or where diversity of

citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

A defendant may remove an action filed in state court to federal court on the basis of diversity if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a), (b). "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). To establish subject matter jurisdiction, "the party asserting federal jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citation and internal quotations omitted). And, if no amount of damages was alleged in the state court petition, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy

burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "In every case where a diverse defendant proves that the plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts. If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.* at 575.

A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Where there is no dispute or allegation of actual fraud concerning the fact that both the plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, the plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). "To establish improper joinder under the second prong, the defendant must demonstrate 'that there is no possibility of recovery' against the in-state or non-diverse defendant, 'which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an

in-state [or non-diverse] defendant.'" *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (quoting *Smallwood*, 385 F.3d at 573). "A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (internal quotation marks omitted).

The United States Court of Appeals for the Fifth Circuit has further instructed that, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573. "The burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction," such that "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient" and, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." *Id.* at 575; *see also id.* at 574 (explaining that, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit," and that, "[i]n such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper," and, "[i]n such circumstance, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such").

Ordinarily, "to determine whether an in-state or non-diverse defendant was properly joined, '[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the ... defendant.'" *Alviar*, 854 F.3d at 289 (quoting *Smallwood*, 385 F.3d at 573). In performing this analysis, a court must consider the allegations in the state-court petition at the time of removal. *See id.* at 290 n.1. If, however, the plaintiff has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).

But the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant" and that "any piercing of the pleadings should not entail substantial hearings." *Smallwood*, 385 F.3d at 573-74. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the [non-diverse] defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574. Further, "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.*

II.   Rule 12(b)(6) Standard

-7-

The Fifth Circuit recently clarified that the federal pleading standard, not a state pleading standard, applies to determine whether a non-diverse defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016) (abrogating three *post-Smallwood* Fifth Circuit cases applying a state pleading standard instead the federal pleading standard). The "12(b)(6)-type analysis ... is shorthand for the federal pleading standard itself ... promulgated by the Supreme Court in the *Bell v. Twombly* and *Ashcroft v. Iqbal* opinions." *Id.* at 203.

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, a court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold*

*H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

**Analysis**

Plaintiffs sued Galliford and Cordero for violations of Texas Insurance Code

-9-

Sections 541.061(1) and (3), which provide:

> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:
>    (1) making an untrue statement of material fact; [or]
>    ...
>    (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

TEX. INS. CODE § 541.061 (Misrepresentation of Insurance Policy) at (1), (3).

In the fact section of Plaintiffs' Original Petition, Plaintiffs alleged that when the policy was sold to them, Galliford and Cordero represented that the boathouse would be covered without reservation. *See id.* at Dkt. No. 1-1 at 7. In the statement of claims, Plaintiffs allege that

> Defendants Galliford's and Cordero's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:
>
> a)   TIC § 541.061(1): Defendants Galliford and Cordero violated this section by making an untrue statement of material fact by telling Plaintiffs the boathouse would be covered without reservation when in fact there are limitations and exclusions and not covered language in the policy regarding coverage.
>
> b)   TIC § 541.061(3): Defendants Galliford and Cordero violated this section by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, i.e., that the boathouse would be covered without reservation when in fact there are limitations and exclusions and not covered language in the policy regarding coverage.

*Id.* at 8.

Plaintiffs contend that they have stated claims against Galliford and Cordero. Allstate contends that they have not.

Allstate concedes that, "under Texas law, an insured may have a valid cause of action against an insurance agent under the properly circumstances, but only if sufficient facts exist and are pleaded involving allegedly harmful conduct by that agent toward the plaintiff." Dkt. No. 10 at 6. Contrary to Allstate's contention that "no such facts exist in this case," *id.*, Plaintiffs have pleaded a specific misrepresentation by the insurer's agents about the insurance, namely, that Galliford and Cordero told them that the boathouse would be covered without reservation under the policy when they purchased the policy even though the policy did contain reservations which were used to preclude coverage of the claim for subsequent damage to the boathouse. *See Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 798 (Tex. App.—Dallas 2001, no pet.) ("In the absence of some specific misrepresentation by the insurer or agent about the insurance, a policyholder's mistaken belief about the scope or availability of coverage is not generally actionable under the" ... "Insurance Code").

Nor does Plaintiff's Original Petition consist of "only labels, conclusions, and a recitation of the elements of causes of action under the Texas Insurance Code, as well as conclusory allegations couched as fact" as Allstate argues. Plaintiffs do include statutory language in their statement of claims, but they also explain how they allege Galliford and Cordero violated those statues.

Accordingly, focusing on joinder and not on the merits of Plaintiffs' case against Galliford and Cordero, the Court finds that Galliford and Cordero were properly joined and, as a result, diversity of citizenship does not exist because Plaintiffs, Galliford and Cordero are all citizens of Texas.

Plaintiffs also argue that Allstate's post-remand election to accept legal responsibility for Galliford and Cordero does not compel remand because it violates the voluntary-involuntary rule. The Court agrees. *See Stephens v. Safeco Ins. Co. of Indiana*, No. 4:18-cv-595, 2019 WL 109395, at *1 (E.D. Tex. Jan. 4, 2019).

The Texas Legislature recently amended the Texas Insurance Code to add Section 542A.006, which provides:

> (a) [A]n insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.
> ...
> (c) If a claimant files an action ... against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.

TEX. INS. CODE § 542A.006 (a), (c) (effective Sept. 1, 2017). This amendment spawns a novel question regarding removal based on diversity of citizenship: namely, whether an action instituted in state court against a diverse insurer and a non-diverse investigator – nonremovable to federal court due to the lack of diversity of citizenship – becomes removable upon, and solely because of, the diverse insurer's election to accept complete liability of the nondiverse investigator. *See Stephens*, 2019 WL 109395, at *1.

There is a conflict among the federal courts in Texas as to the answer to this question. *See Stephens,* 2019 WL 109395, at *6-*7 (discussing split of authority). For the following reasons, the undersigned joins those courts that conclude that an action is not removable solely on the basis of an insurer's election under Section 542A.006 when the election was made after the action was filed. *Compare River of Life Assembly of God v.*

-12-

*Church Mut. Ins. Co.*, No. 1:19-cv-49-RP, 2019 WL 1767339 (W.D. Tex. April 22, 2019); *Stephens*, 2019 WL 109395; and *Massey v. Allstate Vehicle and Prop. Ins. Co.*, Civil Action No. H-18-1144, 2018 WL 3621055 (S.D. Tex. May 16, 2018), *aff'd*, 2018 WL 3017431 (June 18, 2018); *with Flores v. Allstate Vehicle and Prop. Ins. Co.*, Civil Action No. SA-18-cv-742-XR, 2018 WL 5695553 (W.D. Tex. Oct. 31, 2018)*;* and *Jiang v. The Travelers Home and Marine Ins. Co.*, No. 1:18-cv-758-RP , 2018 WL 6201954 (W.D. Tex. Nov. 28, 2018);

  The judicially-created voluntary-involuntary rule states that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Weems v. Louis Drefus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). Section 542A.006 of the Texas Insurance Code confers Allstate, as an insurer, unabridged discretion in deciding whether to elect to accept legal responsibility of its agents, Gallilard and Cordero. *See* TEX. INS. CODE § 542.006(a). Allstate's decision is not contingent on and does not anticipate Plaintiffs' assent. Nor does it indicate that Plaintiffs may decline Allstate's election. Instead, it requires that a court dismiss Gallilard and Cordero if an election is made. *See id.* at § 542A.006(c). This entire process is done without Plaintiffs' agreement, contrary to their wishes, and is, therefore, involuntary. *See Stephens*, 2019 WL 109395, at *4. Accordingly, the Court cannot deny remand based on Allstate's Section 542A.006 election alone.

  The Court concludes that because Gallilard and Cordero were properly joined and

-13-

their impending dismissal under Section 542A.006(c) is not a voluntary act, it does not have jurisdiction based on diversity of citizenship in this case. Therefore, the case must be remanded to the state court.

Furthermore, because the Court does not have subject-matter jurisdiction, it cannot dismiss Galliford and Cordero under Allstate's post-remand election under Section 542A.006. *See River of Life Assembly of God*, 2019 WL 1767339, at n.1.

**Recommendation**

For the reasons explained above, the undersigned concludes that the Court does not have subject-matter jurisdiction over this case under 28 U.S.C. § 1332 and should GRANT Plaintiffs' Motion to Remand [Dkt. No. 7]. Because it does not have subject-matter jurisdiction, the Court cannot dismiss Galliford and Cordero under Allstate's Election of Legal Responsibility Pursuant to Texas Insurance Code § 542A.006 [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 14, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE